Colón Birriel, Juez Ponente
*684 TEXTO COMPLETO DE LA RESOLUCION
I
El recurrente José A. Vélez Santiago H/N/C Gasorama, Inc. ("Gasorama") recurre de una Resolución y Orden del 1ro. de abril de 1998 emitida por la Comisión de Servicio Público ("Comisión"), notificada el 3 del mismo mes y año en el caso de José A. Vélez H/N/C Gasorama, Inc., Querellado e Empire Gas Co. Inc., Co-Querellada, Caso Núm. FG-446, Lic. 361, sobre Infracción al Reglamento de Empresas de Gas y Ley de Servicio Público, Solicitud de Renovación. Pasado el término para que la agencia compareciera y al no hacerlo, procedemos a resolver sin el beneficio de su comparecencia, Regla 63 de nuestro Reglamento, 4 L.P.R.A. Ap. XXII(A), R.63.
Por otro lado, aunque Gasorama discute en su articulada "Solicitud de Revisión" aspectos probatorios y administrativos acontecidos en la vista pública celebrada por la Comisión el 9 de abril de 1997, optó por no someter una exposición narrativa de la prueba, lo cual hubiera sido conveniente para un mayor y más abarcador análisis de la controversia ante nosotros, Regla 67 de nuestro Reglamento, supra.
II
Surge de los escritos, que el día 14 de febrero de 1995 la Comisión emitió "Ordenpara Mostrar Causa" ("OMC") donde le imputó a Gasorama y a la co-querellada Empire Gas Co., Inc. ('Empire") el tener la autorización FG-446 y la licencia número 361 vencidas desde el 30 de marzo de 1987 y el 13 de febrero de 1991, respectivamente. Aunque Gasorama radicó el 5 de septiembre de 1991, solicitud de renovación de autorización y de licencia a su nombre, no obstante, los documentos que acompañó, a saber, la Planilla de Contribución Sobre Ingresos de Corporación suscrita por Ramón González Cordero como presidente y Tesorero el 15 de agosto de 1991, aparece a nombre de Empire. Acompañó además, un Certificado de Estado de Situación al 31 de diciembre de 1989, a nombre de Gasorama, Inc. No surge del expediente administrativo de la Comisión que se hubiere radicado solicitud de traspaso alguna.
En la OMC la Comisión imputó, además, que la planta de gas licuado de petróleo se traspasó ilegalmente a Empire Gas Co. y le señaló a Gasorama deficiencias serias en su planta localizada en la Carretera Estatal Núm. 183, Km. 2, Hm. 4, Barrio Tomás de Castro de Caguas. No surge del expediente que las deficiencias hubiesen sido corregidas. En consideración a los hechos y las infracciones imputadas se ordenó la celebración de una vista pública para el 9 de marzo de 1997, para que Gasorama mostrara causa por la cual su autorización número FG-446, Lie. 361 no fuera cancelada y o ser sancionada por sus actuaciones.
Luego de la audiencia pública efectuada por la Comisión el 9 de abril de 1997, la Comisión encontró probadas las infracciones y revocó la autorización número FG-446 y la Lic. 361 expedidas a Gasorama. Gasorama presentó oportunamente "Moción de Reconsideración". La Comisión no tomó acción alguna en cuanto a la reconsideración presentada por lo cual Gasorama presentó ante este Foro el 3 de julio de 1998, "Resolución de Revisión Judicial de Resolución Administrativa".
En su recurso Gasorama le imputa a la Comisión haber incurrido en cuatro (4) errores los que pueden resumirse de la siguiente manera: 1) haber considerado evidencia extrínseca al procedimiento ante su consideración; 2) haber determinado que la compraventa de las acciones de capital corporativo constituye un traspaso ilegal de su autorización y licencia; 3) haber considerado ciertas deficiencias señaladas, sin haber transcurrido el término concedido para subsanarlas y, 4) haber abusado de su discreción al proceder a revocar la autorización y licencia. Resolvemos. Veamos.
*685 Ill
Mediante la OMC emitida el 6 de octubre de 1995 y notificada el 14 de febrero de 1997 a Gasorama y a Empire, la Comisión les imputó dos (2) infracciones al Reglamento de Gas' Licuado de Petróleo Núm. 1387, a saber, violaciones a la Regla 2, Artículo I, inciso C, 1 al 6 y a la Regla 8 que disponen como sigue:

“1. Regla 2, Artículo I, Inciso C, 1 aló del Reglamento de Gas Número 1387:

Toda empresa antes de dedicarse a prestar el servicio deberá obtener una autorización y licencia de la Comisión; cada local deberá tener una licencia .... proveer gas, o en cualquier otra forma facilitar que otras personas distribuyan gas sin la debida autorización será causa suficiente para la cancelación de esta licencia y de la autorización original otorgádale.

2. Regla 8 del Reglamento de Gas Licuado de Petróleo:
Inspecciones y Pruebas - Los cilindros se inspeccionarán y someterán a pruebas por inspectores cualificados y autorizados por la Comisión antes de instalarlos, después de reparaciones y periódicamente a intervalos que determine la Comisión no más tarde de cinco (5) años. La responsabilidad de someter a prueba será del dueño y comprende prueba hidrostática, inspección interna y externa".
En adición, a las infracciones mencionadas, la Comisión le imputó a Gasorama y a Empire, violación a los Artículos 23 (b), 25 y 38(o) de la Ley 109 del 28 de junio de 1962; 27 L.P.R.A. 1110 (b); 27 L.P.R.A. 1112 y 27 L.P.R.A. 1201 (o), consistentes en operar como compañía de servicio público sin autorización vigente; enajenar una autorización sin previa autorización de la Comisión; e incumplir con las ordenes y reglas dictadas o adoptadas por la Comisión.
En la audiencia pública celebrada el 9 de abril de 1997, las querelladas estuvieron asistidas de abogado. Se desfiló prueba testifical y documental. Gasorama no puede alegar ahora, que se consideró prueba extrínseca cuando fue advertida en la OMC emitida que los hechos imputados surgían del expediente de la propia querellada, presumimos que ésta tenía conocimiento de su propia documentación y que además, tuvo o pudo tener acceso pleno al mismo por su naturaleza pública, desde el 14 de febrero de 1997, fecha en que se emitió la OMC, y el 9 de abril de 1997, fecha en que se realizó la audiencia. De hecho, todos los documentos mencionados tanto en la OMC como en la Resolución y Orden surgen del expediente FG-446, Lie. 361.
Entendemos, que el "Contrato Privado de Compraventa de Acciones" suscrito entre todos los accionistas de Gasorama y el Sr. Ramón González, fue en realidad un traspaso total de la franquicia. Tan es así, que Gasorama y sus accionistas a virtud de la Cláusula 3 del citado documento se comprometieron a no "competir en el negocio de gas licuado" en la "región de Caguas y Humacao" por el término de "diez (10) años”. O sea, las acciones pasaron de mano entre los accionistas con franquicia, área de servicio y, cláusula de no competividad entre vendedores y el comprador. También nos resulta preocupante que no se incluyera en el apéndice del recurso documentos admitidos en la audiencia como los mencionados en la Determinación de Hechos Núm. 4. Véase, Regla 74 de nuestro Reglamento, 4 L.P.R.A. Ap. XXII(A).
Habiendo concluido que los señalamientos de que la Comisión consideró prueba extrínseca y, que se traspasó ilegalmente la autorización, no están sostenidos por el récord ante nosotros, récord que Gasorama tiene la responsabilidad de someter en su totalidad. Procedamos a considerar si las deficiencias en la planta fueron prematuramente consideradas y si, la Comisión abusó de su discreción al revocar la franquicia.
Este señalamiento amerita que tomemos conocimiento judicial de que la industria de gas licuado de petróleo, de gran utilidad para nuestro pueblo como alternativa energética económica, requiere un manejo cuidadoso en todos sus aspectos de seguridad. Los jueces no estamos ajenos ni aislados de nuestro entorno social, urbano y económico; Tomamos conocimiento del cierre de grandes trechos de tubería soterrada de gas licuado en el área metropolitana por su riesgo a la seguridad pública. Regla 11, de las Reglas de Evidencia, 1979, 32 L.P.R.A. Ap. IV.
*686 De los hechos considerados probados por la Oficial Examinadora Leda. Nadine Rivera y avaladas por la Sala de los Honorables Sylvia Maisonet Díaz y Héctor L. Berberena Rosado, Comisionados Asociados de la Comisión de Servicio Público de Puerto Rico, se observa en tomo a la planta la siguiente secuencia en tomo a sus condiciones físicas; la planta se inspeccionó el 9 de abril de 1992 encontrándose varias deficiencias; se le concedió treinta (30) días para corregirlas, a vencer el 9 de mayo de 1992 sin que se hiciera; la próxima fecha indicada en la Resolución y Orden es la de 11 de abril de 1997, cinco (5) años desde la primera inspección y fecha en que la planta fuera reinspeccionada; la planta fue encontrada por los inspectores de la Comisión en: "...un total estado de deterioro, por lo que la inspección fue rechazada". Entre las deficiencias se encontró, tanques y líneas en total deterioro de corrosión; válvulas en malas condiciones; pasadero de seguridad en malas condiciones; terreno en desnivel hacia los tanques, y desprovista de sistema de enfriamiento. Se le concedió a Gasorama seis (6) meses para "reconstruir la planta". En inspección de seguimiento el 23 de junio de 1997, más de sesenta (60) días después, la planta seguía en: "...un estado de alto riesgo de accidente...". No tan solo no habían sido removidos veintiún (21) tanques de mil galones cada uno, sino que se adicionó un tanque adicional de 30,000 galones que se encontró en "estado deplorable". La situación durante el término de gracia concedido lejos de mejorar, había empeorado. Lógicamente la Comisión no podía ni debió, como correctamente lo hizo, obviar la situación y esperar que concluyera el término de seis (6) meses concedido. Si algo demuestra el secuencial de actos de Gasorama y las gestiones de la Comisión, es una larga paciencia del organismo con su descarriado concesionario.
El Tribunal Supremo ha determinado que el estándar de cuidado aplicable a las empresas que se dedican a generar y distribuir energía eléctrica es un grado de cuidado en proporción al riesgo o peligro envuelto. Ramos v. Autoridad de Fuentes Fluviales, 86 D.P.R. 603, 609 (1962). Por analogía, ese caso es aplicable a los hechos en el presente recurso. La prohibición del Art. 23(e) de la Ley de Servicio Público, supra, 27 L.P.R.A. 1010, constituye una descalificación automática de aquellos suplidores que desafían las leyes aplicables a una actividad estrictamente reglamentada como gas licuado de petróleo. De los autos tampoco surge que Gasorama ofreciera un plan de acción afirmativo para cambiarle la postura de total inseguridad a su planta y ponerla en condiciones de ser favorablemente evaluadas. Ante este cuadro, la Comisión actuó sumamente responsablemente dentro de su amplia discreción, revocando la autorización y licencia de un concesionario que demostró a través de cinco (5) años una total despreocupación por la seguridad de su planta de gas licuado y la comunidad donde está ubicada.
Es principio jurisprudencial trillado que las conclusiones e interpretaciones de los organismos administrativos especializados merecen gran consideración y respeto, en vista de la vasta experiencia y conocimiento que poseen los mismos. Los tribunales apelativos deben ser cautelosos al intervenir con la apreciación de la prueba que realice dicho organismo cuando sus determinaciones se encuentren fundamentadas por prueba amplia y sustancial. En estos casos, la revisión judicial debe limitarse a determinar si el referido foro actuó de manera arbitraria e ilegal, o en una forma tan irrazonable que su actuación constituya un abuso de discreción. Metropolitana, S.E. (ATRIUM PLAZA) y Otros v. Asociación de Residentes de la Avenida San Patricio y Areas Circundantes, Inc., Op. del 10 de abril de 1995, 95 J.T.S. 39; Roberto E. Fuentes y Otros v. A.R.P.E., Op. 17 de diciembre de 1993, 93 J.T.S. 165; Juan Agosto Serrano v. Fondo del Seguro del Estado, Op. del 8 de marzo de 1993, 93 J.T.S. 37; Asociación de Doctores v. Colegio de Optómetras de Puerto Rico, Op. del 1 de febrero de 1993, 93 J.T.S. 12; Viajes Gallardo v. Homero Clavell, Op. del 30 de junio de 1992, 92 J.T.S. 90; y Cruz M. Silva Rodríguez v. Administración de los Sistemas del Retiro, Op. del 17 de abril de 1991, 91 J.T.S. 39.
Del examen realizado al recurso y sus apéndices resolvemos que la Comisión actuó correcta, sabia y razonablemente dentro de sus prerrogativas estatutarias y, que su decisión no fue arbitraria o caprichosa, por lo que denegamos la expedición del auto solicitado y en su consecuencia confirmamos la Resolución y Orden de la Comisión del 3 de abril de 1998, revocando la autorización Núm. FG-446, Lie. 361 de Gasorama.
Lo pronunció el Tribunal y lo certifica la señora Secretaria General.